**Robert PILKINGTON et al.,
Plaintiffs, Appellees,**

v.

**Joseph J. BEVILACQUA et al.,
Defendants, Appellants.**

**No. 77–1511.**

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1978.
Decided Jan. 15, 1979.

---

Forrest L. Avila, Sp. Asst. Atty. Gen., Providence, R. I., with whom Julius C. Michaelson, Atty. Gen., Providence, R. I., was on brief, for defendants, appellants.

Lynette Labinger, Providence, R. I., with whom Abedon, Stanzler, Biener, Skolnik & Lipsey, John M. Roney and Mann & Roney, Providence, R. I., were on brief, for plaintiffs, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

The judgment is affirmed on the law and the facts ably set out in the district court's opinion. *See Pilkington v. Bevilacqua,* 439 F.Supp. 465 (D.R.I.1977). Appellants' challenges to the trial court's factual findings do not approach a demonstration of clear error. Nor do appellants present any substantial legal questions. We agree with the trial court that fear of public exposure of previous intra-agency criticism is an impermissible motivation for firing and brings the speech in question within the ambit of First Amendment protections. *Alicea Rosado v. Garcia Santiago,* 562 F.2d 114 (1st Cir. 1977). We express no opinion concerning the trial court's thesis that the policies of the First Amendment require an intra-bureaucracy protection of speech. *See Pilkington v. Bevilacqua,* 439 F.Supp. at 478 n. 11.*

We add our thoughts on two points. Although we are concerned that intra-agency communication not interfere with "maintaining . . . discipline by immediate supervisors", *Pickering v. Board of Educ.,* 391 U.S. 563, 570, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), a careful examination of the facts allays our fears. The facts fully support the trial court's conclusion that appel-

---

* Cf. *Givhan v. Western Line Consolidated School District,* —— U.S. ——, 99 S.Ct. 693, 58 L.Ed.2d ——, decided after this opinion went to press.

lee did everything required by his employers, as well as or better than most of his colleagues. Nor was appellee in such close day-to-day contact with his superiors that his expressions of disagreement would naturally interfere with day-to-day discipline. Finally, there is no merit to appellants' contention that appellee enjoyed a close confidential relationship with his superiors. Appellants cite appellee's autonomous role in managing the day-to-day operations of the hospital as proof of his "high management position". This may be so but this very independence undermines appellants' argument that personal loyalty and confidence were involved. Appellee was not in a position of working trust like that of an attorney general whose day-to-day decisions are based upon and responsive to being privy to the private workings of the executive. Nor have appellants adduced any arguments from the record tending to show that appellee was a policy-making employee, as opposed to a manager who operated solely within the guidelines set out by his superiors.

One other aspect of this case deserves comment. Appellants point out that Dr. Richardson, who is not a defendant in this case, gave a negative report on appellee's job performance to a meeting of some of the appellants on the day before they announced the decision to fire appellee. The district court found that Dr. Richardson's negative report was substantially false. Appellants argue that because the Constitution does not provide redress for mere erroneous personnel decisions, *see Bishop v. Wood,* 426 U.S. 341, 345–50, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the appellants were entitled to rely upon the erroneous report of appellee's bad performance. We cannot agree with appellants that the district court assumed that Dr. Richardson's report was received as a reliable source of information about appellee's performance. The court pointed out that Dr. Richardson was himself agitated by appellee's protected speech when preparing the pejorative report. *Pilkington v. Bevilacqua,* 439 F.Supp. at 472. The report was prepared for an audience seeking a way to choke off appellee's unwanted criticism, an audience aware that

Dr. Richardson had been subjected to the same criticism. We read the court's conclusion that the proffered justifications for firing were mere pretexts as indicating that those involved never had, nor thought they had, serious independent reasons to fire appellee. We see no basis for finding that conclusion clearly erroneous.

■ Moreover, appellants failed to prove that they reached a firing decision after they received the false charges from Dr. Richardson. *Id.* Rather, it was only after appellee further exercised his First Amendment rights that appellants announced a decision to fire him. We think that if appellants seek to rely upon their alleged good faith belief in false charges as establishing a defense under *Mount Healthy City Bd. of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), i. e., what they would have done in the absence of impermissible motivation, they must at least prove that the false charges caused them to reach a firing decision when they were received in a meeting called to find a reason to fire appellee.

*Affirmed.*